In the Matter of the Claim of SARAH BABB et al., Respondents, against CONBOY & BROWN CONSTRUCTION COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Argued April 17, 1934; decided May 22, 1934.)

*William B. Davis* and *E. C. Sherwood* for appellants. The brothers and sisters of the decedent are not entitled to compensation. (Cons. Laws, ch. 67, § 17; *Drummond* v. *Isbell-Porter Co.*, 188 App. Div. 374; *Svolos* v. *Marsch & Co.*, 195 App. Div. 674; *Matter of Newham* v. *Chile Exploration Co.*, 232 N. Y. 37.) The Industrial Board erred in failing to consider the amount of compensation that would have been apportioned to the decedent's mother, in determining the amount of compensation pay-

able to the brothers and sisters. (Cons. Laws, ch. 67, § 16, subd. 4; *Plouff* v. *Port Henry L., H. & P. Co.,* 225 App. Div. 704; *Matter of DiDonato* v. *Rosenberg,* 263 N. Y. 486.)

*Andrew D. Weinberger* for claimants, respondents. Residents of Canada are entitled to the same death benefits as residents of the United States. (Cons. Laws, ch. 67, § 17; *Butt* v. *Hinkle Iron Co.,* 32 St. Dept. Rep. 389; *Mallory* v. *American Bridge Co.,* 261 N. Y. 701; *Schaubel* v. *Simons, Stewart & Foy, Inc.,* 261 N. Y. 544.) The award of fifteen per cent to each of the four minor dependents was proper as they and not the decedent's mother had priority in any compensation award. (*Ziegler* v. *Pictorial Review Co.,* 216 App. Div. 614.)

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* of counsel), for State Industrial Board, respondent. The brothers and sisters of the decedent are entitled to compensation and the award was properly made. (*Mallory* v. *American Bridge Co.,* 237 App. Div. 861; 261 N. Y. 701; *Schaubel* v. *Simons, Stewart & Foy, Inc.,* 261 N. Y. 544.) The ruling of the State Industrial Board refusing to credit twenty-five per cent of the decedent's average weekly wages, allowed a dependent mother under certain circumstances, in partial reduction of the award to the four brothers and sisters, was proper. (*Ziegler* v. *Pictorial Review Co.,* 216 App. Div. 614.)

LEHMAN, J. Louis Babb died as the result of accidental injuries arising out of and in the course of his employment. He was unmarried. A mother residing in Canada and two brothers and two sisters under the age of eighteen years were dependent upon him. The mother filed claims in behalf of herself and her four children. Then she began an action as administratrix of the decedent to recover from third parties damages for his death. The action was settled for the sum of $4,800 without

the consent of the employer or carrier. For that reason the claim of the mother was not allowed and no award has been made to her. The decedent's brothers and sisters were not entitled to any part of the recovery or settlement in the third-party action. Each of them has received an award of fifteen per cent of the decedent's wages.

Alien dependents, residents of Canada, receive the same benefits as dependents who are residents of the United States. (Workmen's Compensation Law [Cons. Laws, ch. 67], § 17; *Matter of Mallory* v. *American Bridge Company*, 237 App. Div. 861; affd., 261 N. Y. 701.) In the case of a decedent who leaves no wife or dependent husband and no children, the statute provides that the following amounts shall be payable: " for the support of * * * brothers and sisters under the age of eighteen years, if dependent upon the deceased at the time of the accident, fifteen per centum of such wages for the support of each such person until of the age of eighteen years; and for the support of each parent, or grandparent, of the deceased if dependent upon him at the time of the accident, twenty-five per centum of such wages during such dependency. But in no case shall the aggregate amount payable under this subdivision exceed the difference between sixty-six and two-thirds per centum of such wages, and the amount payable as hereinbefore provided to surviving wife (or dependent husband) or for the support of surviving child or children." (§ 16, subd. 4.) Awards of fifteen per centum of the decedent's wages to each of his four dependent brothers and sisters and an award of twenty-five per centum to his dependent mother would exceed sixty-six and two-thirds per centum of his wages. The appellants urge that where there is a dependent parent no awards may be made to dependent brothers and sisters which exceed in aggregate amount forty-one and two-thirds per centum of the decedent's wages. The Industrial Board and the Appellate Division have held

that awards to dependent grandchildren or dependent brothers and sisters in the amount provided by the statute are payable before any award is payable to a dependent parent or grandparent. A dependent mother may, it is said, receive an award only if a surplus remains after each dependent brother and sister has received fifteen per centum of the decedent's wages.

The Workmen's Compensation Law covers the entire field of remedy against an employer for industrial accident. (*Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469, 477, 478.) There this court said that the Legislature "in the exercise of legislative judgment * * * extended the benefit of the act as far as seemed necessary to accomplish its purpose of providing compensation for those who had a right to rely upon the support of the deceased employee. * * * Under this legislation both classes, employer and employee, gained benefits and made concessions."

Dependents are entitled to receive compensation in the amount fixed by the statute, though the employer be free from fault; but even though the employer's fault be grievous and the loss suffered by a particular dependent far greater than the compensation provided by the statute, no dependent is entitled to receive from the employer compensation beyond the statutory provision, and in no event may the aggregate amount of compensation payable to all the dependents exceed sixty-six and two-thirds per centum of the wages of the decedent. That percentage fixes the limit of the obligation of the employer and carrier, and also the aggregate amount "payable" to dependents. When a deceased employee has left a number of dependents, there must at times be reduction in the amount of compensation payable to each, or elimination of compensation payable to some classes of dependents, in order to bring the total compensation payable under the statute within the limits of the carrier's obligation.

The remedy against the employer for industrial accidents leaves untouched any right of action which the next of kin of a deceased employee might have against third parties for wrongfully causing his death, but where there is a recovery in such actions, the statute has provided the " extent to which the shares that belonged to the dependents should be applied in reduction of the burdens that were placed upon the carrier." (*Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367, 372.) The share of any recovery of damages in an action at law which belongs to a dependent entitled to compensation under the statute must be applied in reduction of the burden upon the carrier to pay such compensation.

The amount payable to dependents under the statute can in no event exceed two-thirds of the amount of the wages of the deceased employee. That limitation is upon the " aggregate amount *payable* " under the statute. It measures not merely the obligation of the carrier to pay but the right of dependents to receive. The dependents are classified under the statute. The amounts payable to surviving wife or dependent husband and dependent children may exceed the limitation. Then no amount is payable to other surviving dependents. The burden of the carrier's obligation to dependents may be reduced by rights of subrogation conferred by section 29 of the Workmen's Compensation Law, or by application of a recovery in a third-party action. Indeed, such application may entirely wipe out the carrier's obligation to the dependents; but neither right to subrogation nor application of recovery enlarges the amount which is " payable " to dependents under the statute. True, because of such application there may be " no persons entitled to compensation " within the meaning of subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, none the less the amounts payable to dependents as provided by the statute remain unchanged and a recovery applied upon these amounts does not

enlarge the statutory amounts payable or the class of persons entitled to compensation. A recovery enures to the benefit of the carrier, not to the benefit of a dependent to whom the recovery does not belong.

So we held in *Matter of Plouff* v. *Port Henry L., H. & P. Co.* (250 N. Y. 616, affg. 225 App. Div. 704). The same rule must apply when there has been a settlement without consent of the carrier. The limitation of the amounts " payable " under the provisions of the statute to dependents of the deceased employee includes the statutory compensation to the dependent's mother, though because of the settlement of the third-party action she is no longer " entitled to compensation."

The Appellate Division did not decide otherwise; but it held that the right to compensation of the dependent brothers and sisters under subdivision 4 of section 16 of the statute was superior to the right to compensation of the dependent mother. We cannot find in the language of the subdivision any indication that the Legislature had such intention. Dependent brothers and sisters and grandchildren are, it is true, named first, but they are named as members of one group with dependent parents and grandparents, and larger amounts are payable to the latter. In express terms the statute has placed a limitation upon the " aggregate amount payable under this subdivision," and we find in that language no implication that there should be discrimination and priority in the payment of compensation among those dependents to whom compensation is payable under that subdivision. The " aggregate amount payable " under subdivision 4 is in this case eighty-five per centum of the wages of the deceased employee. Each amount must be reduced so that the aggregate shall not exceed sixty-six and two-thirds per centum. The compensation payable to each brother and sister must be accordingly diminished. Each dependent brother and sister is presently entitled to an award of 11.96 per centum of the decedent's wages.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the matter remitted to the State Industrial Board to fix the award in accordance with this opinion.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.