In the Matter of the Claim of KATHERINE BACHMAN, Respondent, against FRED SEITZ, INC., Employer, and LONDON & LANCASHIRE INDEMNITY COMPANY, Insurance Carrier, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 11, 1938.

*Alger A. Williams* [*Charles H. Kendall* of counsel], for the appellants.

*Leo Kennedy,* for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General,* of counsel], for the State Industrial Board, respondent.

CRAPSER, J. The widow and children of the decedent elected to sue the third party causing the injuries to the decedent and a recovery was obtained in the sum of $10,802.79.

Since the widow was entitled to one-third of the recovery, or $3,600.93, by reason of the provisions of the Decedent Estate Law, the State Industrial Board credited this sum against the amount of compensation to which the widow would ordinarily be entitled for a death benefit and they made an award for the difference with proper provision for the suspension of payments until the third party recovery was exhausted. No award was made to the children for the reason that their share of the third-party recovery exceeded any compensation to which they would be entitled.

The amount to which the widow would have been entitled under the Workmen's Compensation Law if no third-party action had been brought approximates $7,500, and the total value of the children's compensation approximates $3,000. Thus the total compensation provided by the statute in this case is substantially equal to the amount recovered from the third party.

The decision of the State Industrial Board herein directs the carrier to pay into the Aggregate Trust Fund $4,166.75, which sum represents the difference between the value of the widow's compensation under the law and one-third of the proceeds of the third-party action. The carrier was not credited with the excess of the children's recovery over the value of their compensation rights.

It is the carrier's contention that it should be required to pay in this case only the difference, if any, between the amount of compensation payable to all of the next of kin of the deceased employee and the amount of the third-party recovery distributed to the dependents of the employee.

Section 29, subdivision 4, of the Workmen's Compensation Law provides: " If such injured employee, or in case of death, his dependents, proceed against such other, the State insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case."

This section reserved the right to the dependents to sue a third party and was designed primarily for their benefit. It was intended to supplement their benefits if a recovery greater than compensation was successfully obtained from the third party. If this recovery from the third party was less than the death benefits to which they would ordinarily be entitled, the intent and spirit

of the section was to assure to the dependents at least the benefits to which they would have been entitled under compensation.

The Decedent Estate Law provides for the third-party action and provides that one-third part of the recovery in the third-party action should belong to the widow and the residue should belong in equal portions to the children and such persons as legally represent the children, if any of them have died before the deceased. The portion of the third-party recovery received by the children would be for their sole benefit, and which the widow would have no right to enjoy, comes to them under the Decedent Estate Law, and it cannot be diverted from them by reason of any provisions of the Workmen's Compensation Law and it cannot be employed to deny the benefits to which the widow would have been entitled under the Workmen's Compensation Law.

The rights of each dependent embraced within the provisions of the Workmen's Compensation Law are distinct and separate.

It was not the intention of the Legislature that because the widow sued the third party and benefited by only a third of the recovery, as provided by the Decedent Estate Law, she would then hazard the possibility of becoming a public charge after exhausting her share of the third-party recovery.

A cause of action for injuries resulting in death, prosecuted by an administrator against some one other than the employer, is for the benefit, not of dependents as defined by the Workmen's Compensation Law, but of next of kin as defined by the Decedent Estate Law. The two classes are not invariably or perhaps commonly the same. (*Matter of Zirpola* v. *Casselman, Inc*, 237 N. Y. 367.)

The remedy against the employer for industrial accidents leaves untouched any right of action which the next of kin of a deceased employee might have against third parties for wrongfully causing his death, but the share of any such recovery which belongs to a dependent entitled to compensation under the statute must be applied in reduction of the burden upon the insurance carrier. (*Matter of Babb* v. *Conboy & Brown Constr. Co.*, 264 N. Y. 357.)

The award appealed from should be affirmed, with costs to the State Industrial Board.

HILL, P. J., RHODES, BLISS and HEFFERNAN, JJ., concur.

Award affirmed, with costs to the State Industrial Board.