In the Matter of the Claim of JOHN SILBERT, Respondent, against GEORGE L. FETZER and (AMERICAN) LUMBERMEN'S MUTUAL CASUALTY COMPANY OF ILLINOIS, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award made by the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law for ten per cent permanent loss of use of the left arm. The questions are causal relation and failure to give proper written notice. The evidence when viewed as a whole clearly shows that the disability was the result of the accident. The failure to give written notice was excused because the employer had actual notice. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of NORA O'BRIEN, Respondent, against NEW YORK WATER SERVICE CORP. and UNITED STATES CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award for deficiency death benefits in favor of the widow and minor child of the deceased employee. Decedent was employed as an engineer and machinist. It is conceded that he sustained an accident on June 26, 1931, arising out of and in the course of his employment and that the resultant injuries caused his death on September 12, 1931. Decedent was survived by his widow and minor child, Joseph O'Brien, and three other children over the age of eighteen years. The injuries which caused the death of decedent resulted from the negligence of a third party. On October 5, 1931, a claim for compensation was filed by the widow on behalf of herself and the minor child. On April 7, 1932, a notice of election to sue a third party was filed on behalf of the widow and her minor child. On June 11, 1932, a second notice of election to sue was filed on behalf of the widow and the four surviving children. The widow, as administratrix, instituted an action against a third party and obtained a judgment in her favor of $10,899.03. The three adult children released their respective distributive shares in the estate of their father to the mother. The State Industrial Board credited the employer and insurance carrier against the widow's compensation with the sum of $3,633.01, being a one-third part of the recovery. It is the contention of appellants that the widow should be charged with the entire amount which she received including the gifts made to her by the three children over eighteen years of age. The State Industrial Board rejected this contention. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.