In the Matter of the Accounting of ANNA APPLEBAUM, as Administratrix of the Estate of SAMUEL APPLEBAUM, Deceased, Petitioner.

Surrogate's Court, Kings County, April 12, 1943.

*MacIntyre, McNally & Downey* for petitioner.

*Joseph F. Hanley* for Continental Casualty Company and another.

*David Alderman,* special guardian.

McGAREY, S. The decedent herein died on September 9, 1938, as a result of injuries sustained in the course of his employment, leaving surviving as his distributees, his widow, Anna, his daughters, Alice Applebaum, now an adult, and Gertrude Katz and Elaine Applebaum, infants. Application was made for compensation under the provisions of the Workmen's Compensation Law and an award granted in the aggregate sum of $10,566.61, allocated as follows: to the widow, $9,351.79; to Alice, $62.10; to Gertrude, $402.64; and to Elaine, $750.08. These sums were paid by Continental Casualty Insurance Company, the employer's insurance carrier.

The widow, as administratrix, commenced an action against a third party for wrongful death of decedent, pursuant to section 133 *et seq.* of the Decedent Estate Law, and obtained a verdict for $35,000, on which a judgment was entered on

November 27, 1941, for $41,953.65, which was inclusive of interest and costs. The defendant in the action was covered by insurance to the extent of $10,000 and Bankers Indemnity Company paid on account of the judgment $10,189.50. Investigation by the administratrix and her attorneys discloses that the defendant is unable to pay the balance of the judgment but has offered the additional sum of $2,500, which the administratrix seeks leave to accept in satisfaction.

Continental Casualty Insurance Company has appeared in this proceeding to settle the account of the administratrix and asserts a lien on the full amount collected by the administratrix on the judgment, to the extent paid by it in satisfaction of the award made under the Workmen's Compensation Law (§ 29, subd. 1), and that the fees of the attorneys for the widow in the wrongful death action should be fixed by the Industrial Commissioner of the State of New York, who is charged with the administration of the Workmen's Compensation Law. It claims that the whole recovery in the death action is chargeable with the entire amount paid by it on the award, even though the amount distributable to the children under the Decedent Estate Law, under which the action was prosecuted, is far in excess of any benefit awarded to them under the Compensation Law. It is inconceivable that the Legislature intended such a result in the enactment of the provision in question. It undoubtedly intended that the same principles be applied as are provided in subdivision 4 of section 29 of that Law, where the employer is charged with the obligation of making up any deficiency between the amount of the recovery against the third party and the compensation provided by law. In construing that provision the Appellate Division, Third Department, in *Matter of Bachman* v. *Seitz, Inc.* (254 App. Div. 159), held that, in computing the amount of the deficiency due the widow, only the amount properly distributable to her from the recovery in the third party action should be considered and not the total amount distributable to all of decedent's distributees. The court determines that the same principle should be here applied and in determining the amount payable to the casualty company from the amount collected on the judgment, the interests of the widow and children should be separately considered, and refund directed only to the extent of the respective benefits received by them under the award made by the Industrial Commissioner.

The application for leave to accept $2,500 in satisfaction of the balance of the judgment is granted and the compensation

of the attorneys for legal services rendered in the death action, over which the court has jurisdiction (Surrogate's Ct. Act, § 231-a), is fixed at forty per cent of the amount collected as to the shares of the widow and adult daughter, on their consent, and one third as to the shares of the infants. In computing such compensation the disbursements of the attorneys in the sum of $454.89, which are allowed, must be first deducted from the amount collected. The attorneys' fees and expenses as fixed and allowed herein are properly deductible before ascertaining the amount against which the lien of the casualty company is chargeable. (*Matter of Curtin* v. *City of New York,* 287 N. Y. 338.)

Computation of the sums due the various parties will be made in the decree settling the account.

Submit decree, on notice, in conformity herewith.