438

RAFAEL DE J. CORDERO, MANAGER OF THE STATE INSURANCE FUND, Plaintiff and Appellee, *v.* AMERICAN RAILROAD CO. OF PORTO RICO, Defendant and Appellant. SAME *v.* SAME. EAGLE INDEMNITY COMPANY, Plaintiff and Appellee, *v.* SAME.

Nos. 9261, 9262, and 9263. Argued April 2, 1946.—Decided July 24, 1946.

Mariano Acosta Velarde, Daniel Pellón la Fuente, and Donald R. Dexter for appellant. R. Rivera Zayas and G. Rivera Cestero for appellee in case No. 9261. Angel de Jesús Matos and A. Sandín del Manzano for the Manager of the State Insurance Fund, appellee in cases Nos. 9262 and 9263.

Mr. Justice Snyder delivered the opinion of the court.

Agustín Guadalupe Pérez was the chauffeur and Manuel Comas the passenger of an automobile which collided at a railroad crossing with a train of the defendant, resulting in the death of Guadalupe and the injury of Comas. As Guadalupe was killed in the course of his employment, his natural children and parents were paid $1,882.40 as workman's compensation by the Administrator of the State Fund pursuant to § 3, paragraph 5, Act No. 45, Laws of Puerto Rico, 1935 (p. 250).

Under § 31 of the Act if a third party is responsible for an accident for which the State Fund is obligated to compensate the workman or his beneficiaries, the Manager of the State Fund is subrogated to the rights of the workman or his beneficiaries against the third party and may sue the

latter in the name of the workman or his beneficiaries. If by this suit the Manager collects from the third party an amount larger than the sum paid as workman's compensa-tion to the workman or his beneficiaries, the excess is given to the latter.

The Administrator filed one of the three suits involved herein against the defendant "in the name of and in subroga-tion of the rights of" the natural children and parents of Guadalupe, alleging that he had been killed as the result of the negligence of the defendant. After a trial on the merits, the lower court entered judgment against the defend-ant for $2,907.60, ordering $1,882.40 to be paid into the State Fund and the remainder to be paid to the natural children and parents of the decedent.

On appeal from this judgment, the defendant argues that it must be reversed because there was no showing that the beneficiaries to whom the Administrator was subrogated were the sole heirs of the decedent. The defendant relies on our cases which hold that the plaintiffs in an ordinary suit for wrongful death must show that they are the sole heirs of the decedent. *Rivera* v. *Olabarrieta,* 58 P.R.R. 436, 448; *Méndez* v. *Serracante,* 53 P.R.R. 807, 810, 813–14; *Car-bou* v. *Mir,* 36 P.R.R. 728; § 61, Code of Civil Procedure.

The Administrator contends that these cases and § 61 do not apply on the ground that § 31 of Act No. 45 created an action against a third party whose negligence results in the death of a workman while in the course of his employ-ment in favor of the beneficiaries of the decedent workman as they are defined in paragraph 5 of § 3 and thereby abo-lished the ordinary civil action which could otherwise have been brought under § 61 of the Code of Civil Procedure by the heirs of a decedent against such a third party.

If a workman is killed in the course of his employment, the compensation his beneficiaries receive under Act No. 45 is their exclusive remedy against an insured employer. Sec-

tion 20 of Act No. 45; *Onna* v. *The Texas Co.*, 64 P.R.R. 497; *De Jesús* v. *Osorio*, 65 P.R.R. 601. But § 20 does not apply to the claim against a third party if the workman was killed due to the negligence of the third party. As indicated in the *Olabarrieta, Serracante,* and *Mir* cases, the liability of such a third party for wrongful death has always existed in favor of the heirs of the decedent, without reference to Act No. 45. Section 31 of Act No. 45 does not purport to abolish this cause of action. Nor does it supplant that action with one in favor of the beneficiaries under paragraph 5 of § 3. Rather § 31 simply provides in effect that if a beneficiary has such an action, the Administrator is subrogated thereto. Statutes similar to ours have been interpreted in this fashion. *Reidy* v. *Old Colony Gas Co.*, 53 N.E. (2d) 707, 709 (Mass. 1944); *Doleman* v. *Levine*, 295 U.S. 221; *Joel* v. *Peter Dale Garage*, 206 Minn. 580 (1940); *Matter of Babb* v. *Conboy & Brown Constr. Co.*, 264 N.Y. 357, 362 (1934). Cf. *Uva* v. *Alonzy*, 163 A. 612 (Conn. 1933).[1] Moreover, for us to adopt the construction of § 31 advocated by the Administrator would require us to say that the Legislature intended to abolish the ordinary suit for wrongful death belonging to heirs who had received no compensation under Act No. 45 because they had not been dependent upon him for support. We are not satisfied that this was the intention of the Legislature. Horovitz on Workmen's Compensation, p. 335.

■ No problem exists if the beneficiaries under Act No. 45 and the heirs are identical. In that case by virtue of § 31 the Administrator may sue for the damages to which the beneficiaries are entitled as heirs, withhold as reimbursement the amount he paid them as beneficiaries, and turn

---

[1] The only case cited by the Administrator, *Harris* v. *Louisville & N.E. Co.*, 186 So. 771 (Ala. 1939), is distinguishable. There the statute provided that the employee may at his option file an ordinary action against the third party, or accept workman's compensation, but not both. Having elected to receive workman's compensation, he could not thereafter sue the third party, who was liable only to the insurer by way of subrogation.

over to them the excess. The difficulty arises if the heirs and beneficiaries are different or if the heirs were not dependent upon the workman for support.

Since the Administrator stands in the shoes of the beneficiaries to the extent that they have a claim as heirs, in suing a third party for wrongful death the Administrator must under the cases cited herein allege and prove that the heirs to whom he is subrogated are the sole heirs of the workman. As the Administrator failed to allege or prove here that the beneficiaries were the sole heirs, the judgment must be reversed and the case remanded for the sole purpose of determining (a) if the beneficiaries are heirs of the decedent, and (b) if others, who are not beneficiaries under Act No. 45, are also heirs. This is in accordance with the manner in which we remanded the *Mir* and *Olabarrieta* cases. If (a) and (b) are answered in the affirmative, the Administrator will be entitled to receive, in order to credit them against the sums he paid the beneficiaries, only such amounts as the beneficiaries were entitled to recover as their proportionate shares as heirs.

█ We are aware of the cases in the States holding that where there are some heirs who are not beneficiaries, the action for wrongful death cannot be brought by the subrogated insurer, but that such damages may be collected only in an action brought by the personal representative of the decedent. *Reidy* v. *Old Colony Gas Co., supra.* Horovitz, *supra,* p. 346, asserts that these cases represent the weight of authority. But those cases rely at least partially on the common law concept of an administrator or executor who has wide powers over the estate until distribution. Under our law administration is brief in time, limited in scope, and the heirs themselves control the estate. *Pérez* v. *Succrs. of M. Pérez & Co.,* 41 P.R.R. 844. Since there is no inhibition under our law against suit by the heirs as such, we see no reason why the Administrator cannot bring this suit, provided he

is required to join the other heirs if the beneficiaries to whom he is subrogated are not the sole heirs. We recognize the force of the argument that the cause of action should not be split, *Doleman* v. *Levine, supra,* p. 226; but the view we take will not require more than one suit. If the beneficiaries are not heirs of the decedent, they have no rights under § 31 to which the Administrator may be subrogated. However, if the beneficiaries and others are the heirs, the Administrator, having been subrogated under § 31 to the rights of the beneficiaries, should be permitted to join with the other heirs in a suit in which he may recover the share of the beneficiaries as heirs from which he withholds the compensation he paid them as beneficiaries before he turns the excess over to them. As already indicated, on remand the lower court will permit the judgment to stand if the beneficiaries are the sole heirs, reverse it if the beneficiaries are not heirs, and modify it if all or some of the beneficiaries are heirs together with others after the latter are joined as necessary parties to the suit.

██ Manuel Comas, the passenger in the automobile, was injured in the course of his employment. The Manager paid him $1,241.26 as workman's compensation and sued the defendant in the second of the three suits involved herein in subrogation of the rigths of Comas. The district court entered judgment for $2,750, ordering $1,241.26 to be paid into the State Fund and the remainder to be paid to Comas. The defendant appealed from this judgment. As there can be no question that the Manager is entitled to bring such a suit under § 31 of Act No. 45, we proceed to the merits of this appeal.

This accident occurred at a crossing formed by the railroad tracks of the defendant and a road. The engineer was driving the locomotive backwards and the lower court found that he did not blow a whistle or ring a bell. Most of the errors assigned by the defendant relate to the weighing of

the evidence by the district court. It contends that the district court erred in finding that (1) Comas could not see the locomotive; (2) the visibility of the engineer of a locomotive which was being driven backward is inferior to that of an engineer in a locomotive running forward; (3) the locomotive struck the automobile; (4) the accident did not occur while the locomotive was in the middle of the crossing, but at the moment when it came to the crossing; (5) certain expert testimony of the defendant was purely speculative; (6) the engineer was operating the locomotive with his back to the place he was going to pass; and (7) the automobile was being operated at a low speed because it left tracks on the road of only 5.75 meters.

We find it unnecessary to examine each of these findings, isolated from the others, to determine if the lower court erred in entering judgment for the plaintiff. The evidence varies in weight as to each of them. It is enough to say that there is some evidence sufficient to justify the finding of the lower court on each point. Moreover, even if we should conclude that the lower court was in error on one or more of these findings, we are unable to say that any of these alleged errors would justify reversing this judgment which, we are satisfied, is sustained by the evidence viewed as a whole.

The defendant also complains of the action of the lower court in admitting over its objection evidence that a flagman—whose salary was paid in equal shares by the defendant and by the employer of Guadalupe and Comas, which operated a nearby sugar mill—was formerly stationed at this crossing but had been withdrawn a year prior to the accident. The defendant argues that Comas could not have relied on the presence of the flagman as he testified that he knew the flagman had been withdrawn a year ago. But this testimony was admissible, not with reference to any statutory obligation and despite the knowledge of Comas that the practice had been discontinued, but to show the recognition

by the defendant in the past on a voluntary basis that the location of a flagman at this crossing was a wise precaution. See *López* v. *American P.R. Co.,* 50 P.R.R. 1, 14–15; cf. *Just* v. *Moreno,* 63 P.R.R. 647.

■ The defendant assigns as error the action of the lower court in overruling its objection to the testimony on cross-examination of the engineer that during the same year he had another accident at the same crossing. We find no error in this action of the lower court under the circumstances of this case. See *Blanco* v. *Municipality,* 57 P.R.R. 470; *People* v. *Cabrera,* 59 P.R.R. 133; *Casanovas* v. *Ponce Electric Co.,* 38 P.R.R. 113.

■■ The parties stipulated at a pre-trial conference that the (Ma. Belén or Belén) road was a municipal road. The district court found that it is an insular road "although it is not a declared insular road," citing Act No. 143, Laws of Puerto Rico, 1937, p. 347. The defendant contends that in view of the stipulation and the certificate of the Department of Interior admitted in evidence to the effect that the Department does not maintain the road, this is not an insular road. The defendant also contends that in any event § 6 of Act No. 80, Laws of Puerto Rico, 1936, specifically exempts municipal roads maintained by the Department from paragraph *q* of § 3 of Act No. 70, Laws of Puerto Rico, 1917, Vol. II, which requires the railroad to "maintain chains, gates, or other suitable protective devices, at all grade crossings of insular public roads . . ."

If this was a crossing to which paragraph *q* applied, the failure to maintain a protective device there constituted negligence *per se*. *Línea Borinquen, Inc.* v. *American Railroad Co.,* 53 P.R.R. 295. However, in its brief statement on this issue the district court did not indicate clearly whether or not it thought that the defendant was required to maintain the protective devices contemplated by paragraph *q* at this particular crossing. But, we shall assume, without deciding, that the road was one on which the defendant was

not required to take these measures. Nevertheless, we fail to see how this can affect the instant case in which the substantial controversy involved the issue of negligence in approaching the crossing and as a consequence the question of protective devices played little part in the decision of the case.

We find it unnecessary to discuss the remaining errors assigned by the defendant, except to say that we find nothing in them which would warrant reversal of the judgments.

The third suit involved here was a judgment for Eagle Indemnity Company which paid $930 to the employer as owner of the automobile for damage to the automobile resulting from the accident. The insurance company sued here under the policy which subrogated it to the rights of the employer as owner of the automobile. Our views in the second suit apply equally here.

The judgment in the first suit will be reversed and the case remanded for further proceeding in accordance with this opinion. The judgments in the second and third suits will be affirmed.