In the Matter of the Claim of RHEA SHULMAN, Respondent, v BEN SHULMAN ASSOCIATES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 6, 1975

*William A. Specht (James F. Miller* of counsel), for appellants.

*Braiman & Braiman* for Rhea Shulman, respondent.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal from a decision of the Workmen's Compensation Board, filed April 18, 1974, which held that the carrier was entitled to a credit less than the total amount received by the claimant from a third-party wrongful death action.

Pursuant to the provisions of section 29 of the Workmen's Compensation Law an insurance carrier liable for the payment of benefits to a deceased employee's dependents is entitled to a credit for the proceeds of any recovery by such dependent from a third party for the wrongful death of the employee. In the present case the claimant, widow, pursued a third-party action as administratrix for the wrongful death of her husband for the benefit of herself and her two adult daughters as her husband's distributees. (EPTL 5-4.1, 5-4.5.) The action was compromised and settled by the claimant with permission of the Supreme Court for the County of New York for the sum of $64,000 which after attorney's fees and disbursements in prosecuting the action resulted in a net recovery of $42,505. The record establishes that as a part of the compromise or settlement, the decedent's two adult children (distributees) consented to the compromise and assigned their distributive share thereof to the claimant. Accordingly, the court order directed that the net proceeds of $42,505 be paid to the claimant individually "as and for her beneficial share of the settlement herein". In the workmen's compensation proceedings the carrier contended that the entire sum of $42,505 should be credited against the past and future workmen's compensation benefit rights of the claimant pursuant to section 29 of the Workmen's Compensation Law. The board held that upon the record before it the assignment of the distributive shares of the adult children to the claimant amounted to a gift and that the claimant's actual recovery from the third-party action was only one third of the net proceeds.

The appellant contends that because the cause of action for wrongful death is prosecuted solely for the recovery of the loss by distributees of financial benefits and since section 5-4.4 of the EPTL provides that any recovery is to be distributed according to the pecuniary injury of the distributees as individuals, the board erred in applying the simple one-third equation which would be applicable to the claimant as the surviving spouse pursuant to intestacy.

The respondent firstly contends that this particular issue was not raised by the appellant before the board and, accord-

ingly, is waived insofar as the appeal to this court is concerned. However, the appeal to the board was taken by the claimant from an adverse Referee's determination and the issue of the appropriate amount to be credited to the insurance carrier was clearly raised before the board as a matter of law. Accordingly, the contention of the respondent that the issue should not be now considered is without any merit.

It has long been established that an insurance carrier is not entitled to a credit for those portions of a wrongful death action recovery or settlement which do not directly inure to the benefit of a person entitled to receive workmen's compensation benefits as the dependent of a deceased employee. (See *Matter of Zirpola v. Casselman, Inc.,* 237 NY 367; *Matter of O'Brien v New York Water Serv. Corp.,* 258 App Div 1014.) It is also well established that the amount of the actual credit which is to be allowed against a claimant's benefits from the total recovery of a third-party action is essentially a question of fact for the Workmen's Compensation Board. (See *Matter of Petterson v Daystrom Corp.,* 17 NY2d 32, 40; *Matter of O'Brien v New York Water Serv. Corp., supra.)* In this particular case the third-party recovery was not distributed in accordance with the pecuniary injury to the three distributees because of the waiver by the adult children. Accordingly, the third-party proceedings did not establish for the Workmen's Compensation Board the precise amounts which would have been due the adult children and the precise dollar value of their gift to their mother, the claimant. Under the circumstances, the board reasonably adopted the position that the claimant was as a distributee entitled to one third of the recovery and the daughters to the remaining two thirds of the recovery. (See *Matter of O'Brien v New York Water Serv. Corp., supra; Matter of Zirpola v Casselman, Inc., supra.)* The record does not disclose that the insurance carrier made any offer of proof as to the relative pecuniary interests of the claimant and the two children as they were involved in the third-party settlement and, further, the carrier does not contend that it was without notice of the settlement procedures and proceedings. The board's allowance of one third as the claimant's actual recovery notwithstanding the children's gift is presumptively correct upon the substantial evidence in this case.

The decision should be affirmed, with costs.

GREENBLOTT, KOREMAN, MAIN and REYNOLDS, JJ., concur.

Decision affirmed, with costs.