■ In the Matter of the Claim of the ESTATE OF JAMES P. ALLEN, Respondent, v DENNIS COLGAN, Doing Business as C & C WELDING COMPANY, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed October 7, 1991, which ruled that the employer's insurance carrier was liable for no-dependency payments.

On May 27, 1988, James P. Allen (hereinafter decedent) suffered a fall at his place of employment that left him a quadraplegic and in a coma until his death on January 6, 1991. Decedent's son, Timothy, filed for workers' compensation death benefits but his claim was denied because he was over 18 years of age and was not attending school on a full-time basis *(see,* Workers' Compensation Law § 16 [2-a], [3-a]). Letters of administration were subsequently issued to Marine Midland Bank and the administrator filed a death claim with the Workers' Compensation Board on behalf of the estate. A Workers' Compensation Law Judge (hereinafter WCLJ) thereafter established accident, notice and causal relationship for decedent's death and continued the case for appropriate awards. Because decedent left behind no surviving spouse, child, grandchild, brother or sister entitled to an award, the WCLJ at the next hearing ordered the insurance carrier of decedent's employer to pay the sum of $50,000 into decedent's estate pursuant to Workers' Compensation Law § 16 (4-b).* Because there were no persons entitled to an award of workers' compensation payment, the WCLJ also directed the carrier to pay $5,000 into the No-Dependency Funds ($3,000 to the Uninsured Employees Fund and $2,000 to the Vocational Rehabilitation Fund) as provided under Workers' Compensation Law § 15 (9) and § 26-a. The Board unanimously affirmed this decision and this appeal by the employer followed.

We affirm. The employer essentially argues that, in creating the $50,000 payment to a claimant's surviving parents or

---

* Workers' Compensation Law § 16 (4-b) actually provides for the $50,000 to be paid to the decedent's surviving parents. When a deceased employee leaves behind no surviving parents, however, the statute provides for that sum to be paid into his or her estate.

estate (Workers' Compensation Law § 16 [4-b], as added by L 1990, ch 296), the Legislature created a new class of dependents to receive "compensation" and in effect eliminated the "No-Dependency" provisions of Workers' Compensation Law § 15 (9) and § 26-a. According to the employer, because there are now allegedly no more "No-Dependency" cases, it should not have to pay into the No-Dependency Funds. Because our examination of the relevant statutes does not comport with the employer's reasoning, we must reject its contentions.

At the outset, we observe that if the employer's reasoning was correct, the Legislature would have rescinded the "No-Dependency" provisions of Workers' Compensation Law § 15 (9) and § 26-a at the same time when the $50,000 payment was enacted in Workers' Compensation Law § 16 (4-b). Clearly, this was not done. It is a well-settled principle of statutory construction that statutes must be construed in such a manner as to give meaning and effect to all their provisions and that a construction of one provision of a statute which would cancel or render another portion of a statute meaningless is impermissible (see, McKinney's Cons Laws of NY, Book 1, Statutes § 98 [a]). Notably, Workers' Compensation Law § 16 (4-b) does not make reference to the No-Dependency Funds.

As it stands, the basic tenet underlying the employer's arguments (i.e., that new dependents were created by Workers' Compensation Law § 16 [4-b]) lacks persuasiveness. Payment into the No-Dependency Funds is required where there are "no persons entitled to compensation" (Workers' Compensation Law § 15 [9]; § 26-a). Compensation is defined as "the money allowance payable to an employee or to his dependents" (Workers' Compensation Law § 2 [6]). Clearly, a decedent's estate is not a dependent of a decedent, nor is the $50,000 payment money which would otherwise have been paid to the employee. It is apparent that the subject $50,000 payment represented neither money due and owing decedent or a payment on account of dependency. As noted by the Board, the wording of the statute means that the payment could theoretically not even go to a living person if, for example, an employee died without surviving parents and left a will donating his or her assets to charity.

Consequently, we conclude that the $50,000 payment was intended to be one for a no-dependency situation. We therefore find nothing improper or unfair in the requirement that the carrier also make payments into the No-Dependency Funds. This is especially true because, as noted by the Board, the $50,000 payment is far less than that which a carrier

would normally have to expend in cases where there are surviving dependents of the deceased employee. The $50,000 payment was specifically enacted to avoid any discrimination toward those employees dying without surviving dependents and not to create new dependents *(see generally,* Governor's Bill Jacket, L 1990, ch 296).

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.