■ In the Matter of the Claim of the Estate of Raymond Smith, Respondent, v Atlas Assembly/Crawford Furniture Manufacturing Corporation et al., Appellants. Workers' Compensation Board, Respondent. [628 NYS2d 872] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed September 3, 1993, as amended by decision filed July 14, 1994, which ruled, inter alia, that Maryland Casualty Company had to make payments to the Uninsured Employers' Fund and the Vocational Rehabilitation Fund.

Raymond Smith (hereinafter decedent) was killed in an industrial accident in the course of his employment on September 4, 1990. A Workers' Compensation Law Judge (hereinafter WCLJ) directed payment of $50,000 to decedent's

mother pursuant to Workers' Compensation Law § 16 (4-b). In addition, the employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer) were directed by the WCLJ to pay $3,000 to the Uninsured Employers Fund (UEF) in accordance with Workers' Compensation Law § 26-a and an additional $2,000 to the Vocational Rehabilitation Fund (VRF) in accordance with Workers' Compensation Law § 15 (9). The Workers' Compensation Board affirmed the award made by the WCLJ, upholding the constitutionality of section 16 (4-b), and based on this Court's decision in *Matter of Estate of Allen v Colgan* (190 AD2d 939), affirmed the payments ordered to be made by the employer to the two funds.

On this appeal, the employer presses the contention that Workers' Compensation Law § 16 (4-b) is unconstitutional both under the New York and United States Constitutions in that payment is required to someone other than a dependent of decedent notwithstanding the fact that no pecuniary loss need be shown by virtue of decedent's death. It is urged that the Workers' Compensation Law has a specific remedial and compensatory purpose, that is, payment of compensation for injuries to employees and their dependents who have endured pecuniary loss. It is contended that the Workers' Compensation Law was designed to avoid situations where an injured worker or the workers' survivors derive a financial recovery beyond the actual or prospective pecuniary loss resulting from the work accident as measured by statute and that any payment is not intended to be in the nature of a life insurance payment.

We disagree. NY Constitution, article I, § 18 gives the Legislature broad power to create an exclusive system of compensation for injuries sustained by employees, including the power "to define who should be entitled to relief for damages without any state constitutional limitation whatever" (*see, Shanahan v Monarch Eng'g Co.*, 219 NY 469, 476). Under its broad constitutional mandate, the Legislature was authorized to allow for death benefits to nondependent parents or a decedent's estate. The Court of Appeals has stated that the language is comprehensive and "overrides all else in the State Constitution" (*id.*, at 475).

The purpose of the statute is not only the protection of the employee and the employee's dependents, as the employer contends, but also the protection of the employer from further lawsuits (*see, Cooney v Osgood Mach.*, 81 NY2d 66, 75). We find the statute is consistent with the intent of the New York Con-

stitution and the statutory scheme of the Workers' Compensation Law in allowing death benefits to nondependent parents or a decedent's estate and is thus constitutionally valid. Given the broad power granted by the constitutional language (*see, Barrencotto v Cocker Saw Co.*, 266 NY 139), the Legislature is not restricted by remedies available to nonemployees under the civil law.

Secondarily, the employer contends that the statute violates the Equal Protection and Due Process Clauses of both the New York and United States Constitutions. We disagree with this proposition as well. As to the New York Constitution, it has been held that NY Constitution, article I, § 18 precludes any attack on workers' compensation statutes within the scope of that section based on the New York Constitution, including the Equal Protection and Due Process Clauses (*Crosby v State of New York, Workers' Compensation Bd.*, 57 NY2d 305, 310; *Shanahan v Monarch Eng'g Co., supra*, at 475-476).

As to the United States Constitution, the employer has no standing to complain of constitutional injury to others (*see, Matter of Eaton Assocs. v Egan*, 142 AD2d 330). The parties here do not meet the requirements for third-party standing (*see, People v Kern*, 149 AD2d 187, 233, *affd* 75 NY2d 638, *cert denied* 498 US 824). We conclude that neither the employer nor its carrier have standing to assert a violation of the equal protection rights of dependent surviving parents or surviving spouses.

The contention that the death benefit is an impermissible gift of life insurance is also without merit in that the benefit is paid out only in the case of death compensable under the Workers' Compensation Law.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.