OPINION OF THE COURT
Andrew V. Siracuse, J.
This is a case of first impression. It comes before this court *262 on a motion for judicial approval of a $60,000 settlement in a wrongful death action brought by the estate’s coexecutrices on behalf of the decedent’s son and daughter. The real issue, however, is the lien claimed by the workers’ compensation carrier, which has been the true party respondent in the present proceeding; indeed, the defendants have appeared solely to state that they take no position. Decedent was killed at work, and although he had no dependents his estate received $50,000 under the provisions of Workers’ Compensation Law § 16 (4-b), a 1990 amendment that requires payment of this sum to the estate of the deceased if there are no dependents, plus $4,518.40 funeral expenses. The two children on whose behalf the action has been brought are the sole distributees of the estate, and Liberty Mutual, the workers’ compensation carrier, has asserted a $35,014.01 lien against the settlement (two thirds of $54,518.40 less $2,000 funeral expenses, which is considered a payment in lieu of first-party benefits).
The relevant section of Workers’ Compensation Law § 29 (1) reads that in the event a negligence or wrongful death action is brought, "the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier. Should the employee or his dependents secure a recovery from such other, whether by judgment, settlement or otherwise, such employee or dependents may apply on notice to such lienor to the court in which the third party action was instituted, or to a court of competent jurisdiction if no action was instituted, for an order apportioning the reasonable and necessary expenditures, including attorneys’ fees, incurred in effecting such recovery. Such expenditures shall be equitably apportioned by the court between the employee or his dependents and the lienor.”
Plaintiffs are eager to cite the cases that hold that "an insurance carrier is not entitled to a credit for those portions of a wrongful death action recovery or settlement which do not directly inure to the benefit of a person entitled to receive *263 workmen’s compensation benefits as the dependent of a deceased employee. (See Matter of Zirpola v. Casselman, Inc., 237 NY 367; Matter of O’Brien v New York Water Serv. Corp., 258 App Div 1014.)” (Matter of Shulman v Shulman Assocs., 49 AD2d 291, 293.) Furthermore, they claim that the law is clear that no lien attaches to benefits received by distributees who are not dependents entitled to workers’ compensation benefits, referring to cases such as Matter of Bachman v Fred Seitz, Inc. (254 App Div 159, 161): "A cause of action for injuries resulting in death, prosecuted by an administrator against some one other than the employer, is for the benefit, not of dependents as defined by the Workmen’s Compensation Law, but of next of kin as defined by the Decedent Estate Law. The two classes are not invariably or perhaps commonly the same. (Matter of Zirpola v. Casselman, Inc, 237 N. Y. 367.)”
This distinction would seem to govern here, but for the fact that Workers’ Compensation Law § 16 (4-b) authorizes, for the first time, the payment of workers’ compensation benefits to someone other than dependents. This relatively new section provides that: "If there be no surviving spouse or child under the age of eighteen years or under the age of twenty-three years if enrolled and attending as a full time student in an accredited educational institution and such enrollment and full time attendance is certified by such institution or dependent blind or physically disabled child of any age or grandchildren or brothers and sisters if dependent upon the deceased at the time of the accident, under the age of eighteen years, or under the age of twenty-three years if enrolled and attending as a full time student in an accredited educational institution and such enrollment and full time attendance is certified by such institution or disabled blind or physically disabled grandchildren or brothers and sisters of any age, then a sum of fifty thousand dollars shall be paid to the deceased’s surviving parents or if there be no surviving parents to the deceased’s estate.”
Because the earlier cases were based on a law that granted benefits to dependents only, and not to distributees, there was a sound basis for drawing a distinction between the two. When under these particular circumstances the new section 16 (4-b) of the Workers’ Compensation Law authorizes benefits to distributees, the distinction is irrelevant and even misleading.
The plaintiffs have argued that it is improper for the court to investigate the terms of the decedent’s will to determine if there is any identity between the distributees thereunder and *264 those who bring a wrongful death action. It is their position that the benefit under section 16 (4-b) of the Workers’ Compensation Law is payable to the estate, and that the court and the Board can look no further. Because a lien attaches only when the plaintiffs have received benefits under the Workers’ Compensation Law, none attaches here; benefits went to the estate and the settlement at issue goes to the distributees.
This is at best a specious argument, which elevates form over substance and which puts children over 18 in a substantially better position than dependents. A few hypotheticals may clarify the situation. If the children here were under 18 and thus dependents, their award would clearly be subject to the lien, because they would have received benefits under the Workers’ Compensation Law. If one were a dependent and one were not, the first would receive benefits (on a reduced scale) and the second would not. The settlement made by the second nondependent child would not be subject to a lien, but the share of the settlement that went to the first child would be. In both of these cases the children would end up with the settlement or the compensation award, whichever was greater; but they would not end up with both.
The result should be no different in the present circumstances. The Legislature surely did not intend that adult children who take under the will should receive more money than the minor children who are also dependents, and who receive workers’ compensation benefits directly rather than through the estate. The only reasonable interpretation of the statute is that a lien attaches whether workers’ compensation benefits are payable through dependency or by distribution. By creating a special death benefit for the distributees in Workers’ Compensation Law § 16 (4-b) the Legislature aided those distributees who would otherwise have received nothing following an industrial accident. It did not mean to supplement the monies paid to those who could maintain a wrongful death action under EPTL 5-4.1, to place distributees on a better footing than dependents or to except this one award from the lien provisions of Workers’ Compensation Law § 29.
Furthermore, there is no procedural or substantive obstacle to investigation of the terms of a will to determine if a lien is proper; similar investigations were undertaken in several of the cases cited by the insurance company. As the Court stated in Shulman v Shulman (supra, at 293): "It is also well established that the amount of the actual credit which is to be allowed against a claimant’s benefits from the total recovery of *265 a third-party action is essentially a question of fact for the Workmen’s Compensation Board. (See Matter of Petterson v Daystrom Corp., 17 NY2d 32, 40; Matter of O’Brien v New York Water Serv. Corp., supra.)”
Determining the identity of parties with the distributees under a will is one such question.
In the end, the court must heed the mandate of the Court of Appeals in interpreting the lien provision: "Under subdivision 6 of section 29, workmen’s compensation was made the 'exclusive remedy’ available to an employee’s survivors if the wrongdoer was a fellow employee. Quite naturally, therefore, when the Legislature addressed itself to the possibility of a recovery at law for the same injuries, it was careful to describe the basis for that lawsuit as tortious conduct by 'another not in the same employ’ (Workmen’s Compensation Law, § 29, subd. 1). To construe the words strictly and literally, without regard to the purpose sought to be achieved by the provision, would bar the carrier from obtaining any credit not only for the $50,000 paid on behalf of Verven, the decedent’s coemployee, but also for the $90,000 paid — coincidentally, by American Motorists — on behalf of Triboro whose vicarious liability as the car’s owner also stemmed from Verven’s negligence. Such an unreal result would subvert the unmistakable statutory scheme. Section 29, read in its entirety and in context, clearly reveals a legislative design to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits. It would be unreasonable to read the statute as mandating a different result merely because the recovery came out of the 'pockets of a coemployee and not from the resources of a stranger’. (Matter of Berenberg v. Park Mem. Chapel, 286 App. Div. 167, 170; see, also, Van Schaick v. Rex Novelty Works, 241 App. Div. 480.) The Legislature did not intend to provide, nor are the decedent’s survivors entitled to receive, full compensation benefits undiminished by the amount of a recovery at law.” (Matter of Petterson v Daystrom Corp., 17 NY2d 32, 38-39.)
The 1990 amendment was not intended to create an exception to this well-settled principle. The settlement of the action is approved, but the proceeds are subject to the lien by Liberty Mutual.