[654 NYS2d 927]

CATHERINE BOPP et al., as Coexecutors of CHARLES CLIFF, Deceased, Appellants, v RICHARD A. WIEST et al., Respondents. LIBERTY MUTUAL INSURANCE COMPANY, Respondent.

Fourth Department, March 14, 1997

[redacted]

## APPEARANCES OF COUNSEL

*Jones & Skivington,* Geneseo (*Peter Skivington* of counsel), for appellants.

*Hamberger & Weiss,* Rochester (*Ronald E. Weiss* of counsel), for Liberty Mutual Insurance Company, respondent.

*Lawrence M. Rubin,* Buffalo (*David R. Adams* of counsel), for Richard A. Wiest and another, respondents.

## OPINION OF THE COURT

Военм, J.

BOEHM, J.

Plaintiffs, as coexecutors of the estate of Charles Cliff, appeal from so much of the order of Supreme Court that determined that Liberty Mutual Insurance Company (Liberty Mutual), as the Workers' Compensation carrier for decedent's employer, is entitled to a lien pursuant to section 29 of the Workers' Compensation Law against the proceeds of a proposed settlement in plaintiffs' wrongful death action against Richard A. and Joyce L. Wiest (defendants).

On April 18, 1994, decedent, while in the course of his employment with B. R. Dewitt, Inc., was struck by a vehicle owned by defendant Richard Wiest and operated by defendant Joyce Wiest. Decedent died from the injuries he sustained. Thereafter, plaintiffs commenced a wrongful death action against defendants. Defendants have offered $60,000 in settlement of the wrongful death claims. As the sole distributees of decedent, decedent's emancipated children, Amy Lynette Cliff and Charles Andrew Cliff, will receive the proceeds of the settlement (*see,* EPTL 5-4.3, 5-4.4).

Plaintiffs also filed a workers' compensation claim for death benefits. After a fact-finding hearing, the Workers' Compensation Law Judge determined that Amy and Charles were not dependents of decedent as that term is defined in Workers' Compensation Law § 16 and that Liberty Mutual must pay the funeral expenses and the $50,000 death benefit to decedent's estate pursuant to Workers' Compensation Law § 16 (4-b). After the Workers' Compensation Board upheld the determination, Liberty Mutual paid the award to decedent's estate.

Thereafter, plaintiffs proceeded in Supreme Court for approval of the $60,000 settlement offer in the wrongful death ac-

tion and for an order that any Workers' Compensation Law § 29 lien imposed by Liberty Mutual against the proceeds of the settlement be declared null and void or, in the alternative, that a determination be made of the amount of such lien. Liberty Mutual then brought a motion to determine that its lien against the net proceeds of the settlement be in the amount of $35,014.01, computed as follows: the $50,000 death benefit paid to the estate, plus a $4,518.40 funeral award, less $17,504.39 in litigation expenses and $2,000 deducted from the funeral award, as that amount is considered a payment in lieu of first-party benefits under Insurance Law § 5103 (a) (4). The court approved the amount of the proposed settlement in the wrongful death action and determined that the net proceeds of the settlement are subject to the lien of Liberty Mutual (*see, Bopp v Wiest,* 170 Misc 2d 261).

Workers' Compensation Law § 29 (1) provides that, if an action is brought by or on behalf of an employee entitled to workers' compensation benefits on account of his or her injury or death caused by the negligence of another and if the employee or his or her dependents accept workers' compensation benefits and recover in the action, the insurance carrier "shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded".

Thus, section 29 (1) "reveals a legislative design to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits" (*Matter of Petterson v Daystrom Corp.,* 17 NY2d 32, 39). Having paid the death benefit under Workers' Compensation Law § 16 (4-b), Liberty Mutual became entitled to the lien pursuant to section 29 (1).

Workers' Compensation Law § 16 provides the statutory scheme for determining the amount of a decedent employee's death benefits and to whom such benefits are to be paid. Under that section, decedent's children are not eligible to receive decedent's death benefits because they are over 17 years old and not attending school on a full-time basis. Workers' Compensation Law § 16 (4-b) provides that, if a decedent has no spouse or dependents, his workers' compensation death benefits are to be paid to his parents and, if he has no surviving parents, the benefits are to be paid to decedent's estate.

Plaintiffs rely on the line of cases holding that an insurance carrier is not entitled to a lien against those portions of the proceeds of a wrongful death action that are recovered by persons not directly entitled to workers' compensation benefits (*see, e.g., Matter of Shulman v Shulman Assocs.*, 49 AD2d 291; *Matter of Bachman v Fred Seitz, Inc.*, 254 App Div 159, *lv denied* 278 NY 737; *Matter of Applebaum*, 180 Misc 881). Those cases, however, predate the enactment of Workers' Compensation Law § 16 (4-b). Before section 16 (4-b) was enacted in 1990, death benefits were payable only to dependents (*see, Matter of Allen v Colgan*, 190 AD2d 939, 941; *see generally*, Bill Jacket, L 1990, ch 296), and, therefore, it would have been inequitable to permit a lien on the proceeds of a wrongful death action payable to nondependents who were not entitled to the death benefit, especially as in their case there was no double recovery. After the enactment of section 16 (4-b), however, a nondependent distributee became entitled to receive death benefits through the estate of the deceased employee. If the nondependent distributee received the proceeds of a wrongful death action as well as the death benefit paid to the estate there would be a double recovery, which is precisely what Workers' Compensation Law § 29 (1) was intended to correct. "The Legislature did not intend to provide, nor are the decedent's survivors entitled to receive, full compensation benefits undiminished by the amount of a recovery at law" (*Matter of Petterson v Daystrom Corp., supra*, at 39).

Plaintiffs' further contention that Liberty Mutual is not entitled to a section 29 (1) lien because the death benefit is payable to the estate rather than directly to Amy and Charles is without merit. To adopt such an interpretation would mean that nondependent children who are distributees may have the benefit of a double recovery, whereas dependent children may not. Clearly the Legislature never intended such an irrational result.

Finally, plaintiffs' contention that it is improper to examine the terms of a decedent's will to determine if a Workers' Compensation Law § 29 (1) lien is proper is without merit. The amount of any lien to be allowed against the recovery in a third-party action is a question of fact for the Workers' Compensation Board (*see, Matter of Shulman v Shulman Assocs., supra*, at 293), and the identity of the distributees under the will of a decedent whose estate is entitled to a workers' compensation death benefit is an appropriate question for

determination. Accordingly, the order of Supreme Court should be affirmed.

PINE, J. P., LAWTON, DOERR and BALIO, JJ., concur.

Order unanimously affirmed, without costs.