HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant, *v.* RICHARD A. CHARTRAND, JR., et al., Respondents, Impleaded with Others.

Negligence — workmen's compensation — equity — common-law action for negligence modified or limited by statute — action in this State to recover upon cause of action arising in foreign State whose laws provide for refund out of verdict recovered against third party of compensation already paid to injured employee — when equity will impress lien upon moneys recovered in such action.

1. A provision in the Workmen's Compensation Law of a foreign State that if a recovery be had by an injured employee against a third party, the amount paid by the employer or insurance carrier should be deducted from the amount of the recovery and returned to the party making the payment, to that extent modifies or limits the common-law action for negligence so as to affect, in such an action, both the right and the remedy.

2. Where an employee in such foreign State, injured in the course of his employment through the negligence of a third party, brings an action against the latter in this State to recover therefor, the action is brought upon the cause of action arising in the foreign State under its common law as modified and limited by statute, and where its laws do not permit a double recovery, this State ought not to permit it if there be an appropriate remedy whereby the limitation can be given effect.

3. In such an action, therefore, where an employee who has received compensation under the laws of such foreign State recovers in our courts against the third party, a verdict for the full amount of his damages and is paid the whole thereof, he will be presumed to have received the money for the purpose of doing that which in law and

good conscience he ought to do — return so much of it as he has received in advance, under the Workmen's Compensation Law, from his employer or the insurance carrier, and equity will impress upon the funds a lien in order to accomplish this purpose.

*Hartford Accident & Indemnity Co.* v. *U. S. Fidelity & Guaranty Co.*, 209 App. Div. 352, reversed.

(Argued September 30, 1924; decided October 14, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 16, 1924, which reversed an order of Special Term granting a motion for an injunction *pendente lite* restraining the respondents herein from using the proceeds of a certain judgment.

The following questions were certified:

" 1. Does the New Jersey Workmen's Compensation Law give rise to an equitable right in favor of the plaintiff insurance carrier in the sum paid to the defendant, Richard A. Chartrand, Jr., by the third party responsible for the injuries?

" 2. Can the rights which are given to the plaintiff insurance carrier by the New Jersey Workmen's Compensation Law with respect to the sums paid to the defendant, Richard A. Chartrand, Jr., by the third party responsible for the injuries, be enforced in a court of equity?

" 3. Can a court of equity in this State recognize the rights which are granted the insurance carrier under the New Jersey Workmen's Compensation Law, with respect to the sum paid to the defendant, Richard A. Chartrand, Jr., by the third party responsible for the injuries, and grant equitable relief thereon?

" 4. In the case at bar, can a court of equity of the State of New York declare and impress an equitable lien, to the extent of the payment made by the plaintiff as insurance carrier under the New Jersey Workmen's Compensation Law, upon the proceeds of the judgment obtained in the State of New York by the defendant,

Richard A. Chartrand, Jr., against the third party responsible for the injuries, which money is still in the State of New York, within the jurisdiction of the Supreme Court of the county of New York?"

*Joseph L. Prager* and *Harris Jay Griston* for appellant. The New Jersey Workmen's Compensation Law clearly gives rise to an equitable right in favor of the plaintiff in the sum paid to Chartrand, Jr., by the third party responsible for his injuries, which right a court of equity will fructify into an equitable lien. (*Bossert & Sons* v. *Piel Bros.,* 182 N. Y. Supp. 621; *Royal Indemnity Co.* v. *White Engineering Corp.,* 120 Misc. Rep. 332; *Casualty Co. of Amer.* v. *Sevett E. L. & P. Co.,* 174 App. Div. 825; *O'Brien* v. *C. C. Ry. Co.,* 305 Ill. 244; *Popineau* v. *I. A.,* etc., *Co.,* 187 Pac. Rep. 110; *M. C. M. F. Ins. Co.* v. *Hutchinson,* 21 N. J. Eq. 107; *Conn. F. Ins. Co.* v. *Erie R. R. Co.,* 73 N. Y. 399; *Weber* v. *Morris & E. R. Co.,* 35 N. J. Eq. 409.) The right which the New Jersey Workmen's Compensation Law gives an employer, or his insurance carrier, in "the sum paid in release or judgment to the injured employee" by the third party tort feasor, is in effect as if subrogation had taken place under the New York law and will be recognized and enforced by a court of equity in this State. (*Lester* v. *Otis Elevator Co.,* 169 App. Div. 613; *Miller* v. *N. Y. Rys. Co.,* 171 App. Div. 316; *Zirpola* v. *Casselman,* 237 N. Y. 367; *Schweitzer* v. *Hapa,* 149 App. Div. 900; *Leonard* v. *Columbia S. Nav. Co.,* 84 N. Y. Supp. 48; *Kiefer* v. *Grand Trunk Ry. Co.,* 12 App. Div. 28; *Bain* v. *N. P. Ry. Co.,* 98 N. W. Rep. 241; *The Lexington,* 87 Fed. Rep. 753; *Post* v. *Burger & Gohlke,* 216 N. Y. 544; *Johnson* v. *Phœnix Bridge Co.,* 197 N. Y. 316; *Wooden* v. *Western N. Y. & P. R. R. Co.,* 126 N. Y. 10.)

*William Macy* and *Joseph I. Green* for respondents. The New Jersey Compensation Act does not give plaintiff

any equitable right or lien upon the proceeds of the judgment obtained in New York by the infant Chartrand against the third party responsible for the injuries. (*B. P. Comcl. Corp.* v. *De Willis*, 183 App. Div. 569; *Koenig* v. *Eagle Waist Co.*, 176 App. Div. 726.) Even if the New Jersey statute gave a lien, such lien can have no extraterritorial effect so as to affect the entry or payment of a judgment in this State. (*De Witt* v. *Burnett*, 3 Barb. 89; *Marshall* v. *Sherman*, 148 N. Y. 9.)

CRANE, J. In July, 1918, Richard A. Chartrand, Jr., was employed by the Charles R. Hedden Company at Lakehurst, New Jersey, and sustained bodily injuries while in the course of his employment which resulted in the loss of an eye. Under the Workmen's Compensation Law of that State the Charles R. Hedden Company was obliged to pay, and did pay to its injured employee the sum of $1,368.50 through the Hartford Accident and Indemnity Company pursuant to its agreement of insurance.

The Workmen's Compensation Law of New Jersey, chapter 95 of the Laws of 1911, as amended by chapter 174 of the Laws of 1913, provides:

" * * * However, in the event that the employee or his dependents shall recover from the said third person or corporation a sum equivalent to or greater than the total compensation payments for which the employer is liable under the statute, the employer shall be released thereby from the obligation of compensation. If, however, the sum so recovered from the third person or corporation is less than the total of compensation payment, the employer shall be liable only for the difference. The obligation of the employer under this statute to make compensation, shall continue until the payment, if any, by such third person or corporation is made. Such employer shall file with the third person or corporation so liable at any time prior to payment a statement of the compensation agreement or award between

himself and his employee or the dependents of the employee and the employer shall thereafter be entitled to receive from such third person or corporation upon the payment of any amount in release or in judgment by the third person or corporation on account of his or its liability to the injured employee or his dependents a sum equivalent to the amount of compensation payments which the employer has heretofore paid to the injured employee or his dependents which payments shall be deducted by the third person or corporation from the sum paid in release or judgment to the injured employee or his dependents."

Thereafter an action was commenced in the Supreme Court of New York State, Bronx county, by the said Chartrand, Jr., against W. Ross Proctor, the third party, who had caused his injuries at Lakehurst, to recover damages for negligence, and a judgment was recovered therein. The sum of $9,141.70 was paid in full satisfaction of the damages recovered without any deduction being made for the amount paid to the injured party under the Workmen's Compensation Law of New Jersey as above stated.

This action was thereupon brought by the insurance carrier, the Hartford Accident and Indemnity Company, to recover the amount paid under the Compensation Law on the theory that equity would compel the injured employee to hold sufficient funds recovered in the negligence action to reimburse the insurance carrier, *i. e.,* would impress upon the fund an equitable lien. The Appellate Division has reversed the order obtained by the plaintiff on the ground that there was no statutory lien provided for under the New Jersey law and that if there were, it would have no extra-territorial effect. The court has, however, allowed an appeal to this court, certifying questions for our review.

We agree that there is no statutory lien but this does not prevent equity from enforcing rights, if they exist,

by an appropriate remedy. Whatever cause of action the injured employee had it was due to the law in force at the time in the State of New Jersey. (*Schweitzer* v. *Hamburg-Am. P. A. G.*, 149 App. Div. 900; *The Lamington*, 87 Fed. Rep. 753; *Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544.)

This law provided, as above stated, that if a recovery be had against a third party, the amount paid by the employer or the insurance carrier under the Workmen's Compensation Law should be deducted from the amount of the recovery and returned to the party making the payment. To this extent the common-law action for negligence has been modified or limited by the Workmen's Compensation Law. This act became a part of the general law of New Jersey. The common-law right to recover for negligence was not separate and distinct from the Compensation Law. The statute and the common law became one in this particular so that in an action to recover for negligence this portion of the Workmen's Compensation Law affected both the right and the remedy. When the action was brought in New York State, it was brought upon the cause of action arising in New Jersey under the common law of New Jersey as modified and limited by statute. In other words, if the State of New Jersey by reason of its Compensation Law did not permit a double recovery, the State of New York ought not to permit it if there be an appropriate remedy whereby the limitation can be given effect. The law does not favor a double recovery nor look with favor upon a party obtaining more than he is justly entitled to. (*Lester* v. *Otis Elevator Co.*, 169 App. Div. 613, 617; *Miller* v. *N. Y. Rys. Co.*, 171 App. Div. 316; *Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367.) The jury in New York found the full amount of the injured employee's damages. He has been paid. The amount paid under the Workmen's Compensation Law to him in New Jersey is just so much gain. He has sought to profit by his

injuries. This cannot be. In the action brought in New York State there were no means by which this amount could be deducted. The damages were to be assessed at the full amount. It was the ·method of making the *payment* by the defendant of the judgment recovered which under the New Jersey law upon proper notice of the employer's claim was affected. The injured employee does not insist that he is entitled to the two amounts, his counsel claiming before us that there is no remedy by which the wrong of double recovery can be righted.

We do not think our courts are powerless to meet the situation. The fact that the injured employee has received this money to which he is not entitled gives rise to a right in equity to have the excess amount returned to the employer or to the insurance company, *i. e.*, the employee will be presumed to have received the money from the third party for the purpose of doing that which in law and good conscience he ought to do — return so much of it as he has received in advance under the Workmen's Compensation Law of New Jersey from his employer or the insurance carrier. Equity will impress upon the funds a lien in order to accomplish this purpose. (*O'Brien* v. *Chicago City Ry. Co.*, 305 Ill. 244; *Papineau* v. *Industrial Accident Commission of the State of California*, 30 Cal. App. Dec. 988.) This remedy is not unusual and has frequently been applied in fire insurance cases. (See *Monmouth County Mutual Fire Ins. Co.* v. *Hutchinson, etc.*, 21 N. J. Eq. 107; *Connecticut Fire Ins. Co.* v. *Erie Ry. Co.*, 73 N. Y. 399; *Weber* v. *Morris & E. R. R. Co.*, 35 N. J. Law, 409; 139 U. S. 88.)

The four questions certified by the Appellate Division are answered in the affirmative which leads to a reversal of the Appellate Division order and to an affirmance of the order of the Special Term, with costs in this court and Appellate Division.

Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Andrews and Lehman, JJ., concur.

Ordered accordingly.