GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Liquidator of the SOUTHERN SURETY COMPANY OF NEW YORK, and Another, Appellants, v. REX NOVELTY WORKS, INC., Respondent.

First Department, June 21, 1934.

*Daniel Combs*, attorney, for the appellants.

*Jerome A. Strauss* of counsel [*Strauss & Abrahams*, attorneys], for the respondent.

GLENNON, J. Plaintiffs, as liquidator and assignee, respectively, of the Southern Surety Company of New York, brought this action to recover the sum of $18,144.26, which was paid to the defendant Rex Novelty Works, Inc. Plaintiff made a motion for summary judgment, which was denied at Special Term.

The material facts are as follows: In October, 1930, the Southern Surety Company executed and delivered to the defendant a depository bond in the penal sum of $35,000 conditioned, among other things, for the prompt payment of funds belonging to the defendant and deposited by it subject to check in the Bank of United States. On the 11th day of December, 1930, the Banking Department of the State of New York took possession of the Bank of United States for liquidation. On that date defendant had a deposit in the bank subject to check in the sum of $18,144.26. On the same date the bank held two promissory notes of the defendant, payable on February 24, 1931, and March 9, 1931, respectively, each for the sum of $35,000.

On the 13th of December, 1930, defendant instituted a suit against the Southern Surety Company demanding judgment on its depository bond for the amount of its deposit. Judgment was ultimately granted and was affirmed by this court, by a divided vote of the justices, and by the Court of Appeals. (*Rex Novelty Works, Inc., v. Southern Surety Co.*, 233 App. Div. 707; 257 N. Y. 595.) The Southern Surety Company paid the full amount of the judgment.

In that action the Southern Surety Company pleaded in its answer what it termed an equitable set-off. It alleged that the Rex Novelty Works was indebted to the bank for the sum of $70,000 on the two notes — though they had not matured — and was entitled to have the amount of its deposit credited against the amount of the notes. This defense was held to be insufficient since no right of a set-off could accrue until the notes had matured.

Since the decision of the Court of Appeals was rendered, the defendant Rex Novelty Works, Inc., settled its indebtedness of $70,000 with the bank, and upon the settlement the defendant was allowed a credit of $18,114.26, the amount the defendant had on deposit in the bank subject to check at the time the bank closed its doors. Thus, the defendant has been twice paid the damages which it sustained by reason of the failure of the bank to make prompt payment of the face amount of the deposit.

On this statement it is quite evident that the theory of the present action is, that since the date of the payment of the deposit by the

Southern Surety Company, the defendant has received the amount of its deposit from the Bank of United States by way of the credit allowed upon the two notes, and that, therefore, the surety company is entitled to return of the payment which it was compelled to make under its bond.

Plaintiffs assert that they have a right to recover in this act upon the theory that, if an insurer pays the assured and the latter afterwards recovers the amount of his damages from the party causing them, he cannot keep both amounts, but must turn over to the insurer the amount subsequently received. This contention is fully supported by two decisions of the Court of Appeals: *Hartford Accident & Indemnity Co.* v. *Chartrand* (239 N. Y. 36); *Hamilton Fire Ins. Co.* v. *Greger* (246 id. 162).

Defendant does not seriously dispute this proposition, but seeks to defend upon the claim that the judgment of the Court of Appeals in *Rex Novelty Works, Inc.,* v. *Southern Surety Co.* (*supra*) completely disposed of plaintiffs' present contentions, and is a bar to the prosecution of this action. There is no merit to this contention. Only recently this defendant made a motion to dismiss the complaint in this action " on the ground that it does not state a cause of action and upon the ground that there is an existing final judgment of a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties hereto or their privies." That motion was denied, and the order denying the motion was affirmed by this court (240 App. Div. 1030). The motion was made under rule 107 of the Rules of Civil Practice upon the affidavits of the parties. Although no opinion was handed down, our affirmance was based upon the ground that the prior action was determined in the plaintiff's favor because the Southern Surety Company was not entitled to an equitable set-off since defendant's notes had not matured. We further necessarily decided on that appeal, aside from the question of equitable set-off, that the rule announced in *Hartford Accident & Indemnity Co.* v. *Chartrand* (*supra*) and *Hamilton Fire Ins. Co.* v. *Greger* (*supra*) must be applied to the present action.

Thus it has been determined as a matter of law that the prior litigation does not constitute a defense to the present action, and as the affidavits on this appeal present no questions of fact plaintiffs are entitled to summary judgment.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.