In the Matter of the Claim of MORRIS BERENBERG, Respondent, against PARK MEMORIAL CHAPEL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 16, 1955.

*Ralph S. Stowell* and *Joseph D. Edwards* for appellants.

*Jacob K. Javits, Attorney-General* (*Roy Wiedersum* and *Gilbert M. Landy* of counsel), for Workmen's Compensation Board, respondent.

ZELLER, J. The issue presented upon this appeal is whether the Workmen's Compensation Board may require an insurance carrier to pay compensation to a claimant for disability due to an assault by a coemployee, arising out of and in the course of employment, after the claimant has effected a settlement of damages with the coemployee without the approval of the carrier.

The employer operated an undertaking establishment where both the claimant and the coemployee worked. While in the course of his employment on the employer's premises, an argument arose between the claimant and the coemployee concerning the necessity of securing an additional automobile for a funeral. The argument culminated in the coemployee striking the claimant's left eye and causing injury thereto. The claimant signed a criminal information charging his coemployee with assault but, following payment of the sum of $750 from his coemployee, he withdrew the criminal charge and executed an instrument which, by its terms, released both his coemployee and his employer from

all causes of actions and claims flowing from the assault, but which reserved his rights against the employer under the Workmen's Compensation Law. Approval of the settlement by the employer's insurance carrier was neither sought nor given.

Thereafter, a proceeding was commenced by the claimant for disability compensation which was resisted by the insurance carrier upon the ground that the settlement of the assault cause of action, without its approval, released the claimant's right to deficiency compensation. The board rejected the defense holding that the settlement did not constitute a compromise of a third-party action within the meaning of section 29 of the Workmen's Compensation Law.

Section 29 of the Workmen's Compensation Law provides that the right to compensation is the exclusive remedy of an employee when he is injured " by the negligence or wrong of another in the same employ " (subd. 6) but, if an employee be injured " by the negligence or wrong of another not in the same employ ", he may pursue his common-law remedies against such other under certain restrictions not here pertinent (subd. 1). The section further provides that a compromise by the employee of such a cause of action for an amount less than the compensation scheduled by the Workmen's Compensation Law may be made only with the written approval of the insurance carrier if the carrier is to be held liable for any deficiency of compensation (subd. 5).

It may seem at first view, because subdivision 6 of section 29 provides that the right of a claimant to compensation is his exclusive remedy when he is injured " by the negligence or wrong of another in the same employ ", that the claimant had no cause of action against his coemployee and that any settlement made could not be considered a compromise of a third-party cause of action. However, it has been held that an intentional tort or any intended wrong is not the " wrong " which the Legislature intended would bar a common-law cause of action against a coemployee. (*DeCoigne* v. *Ludlum Steel Co.*, 251 App. Div. 662.) In *Mazarredo* v. *Levine* (274 App. Div. 122) it was held that an action for assault could be maintained against a coemployee. The court said at page 126, " Assuming, however, that the plaintiff was not the aggressor and that the assault arose out of a quarrel between coemployees relating to matters connected with the employment so as to make the plaintiff's injuries compensable as an industrial accident insofar as the employer is concerned, we find nothing in the statute that requires us to construe it as affording to the perpetrator of the assault a defense based on the exclusive

remedy of compensation provided for one injured by the negligence or wrong of another in the same employ (Workmen's Compensation Law, § 29, subd. 6).'' Hence, we view the cause of action for assault asserted by this claimant against his coemployee as a third-party cause of action not prohibited by statute.

A cause of action against a coemployee for an intended wrong is not specifically referred to in the portions of section 29 regulating third-party procedure. The section begins its regulations of third-party procedure by referring to actions arising from '' the negligence or wrong of another not in the same employ ''. However, reading the whole section in the light of the purpose of the Workmen's Compensation Law, we conclude that it was intended to regulate all third-party claims and not only those specifically mentioned.

The purpose of the Workmen's Compensation Law is to provide promptly, without regard to fault, some form of monetary return for injured workmen during the time of disability caused by injuries incurred while in the course of employment. But when the injury is brought about '' by the negligence or wrong of another not in the same employ '' or, as we have just noted, by the intentional tort of a coemployee, a cause of action is also preserved. However, to prevent a double recovery by the injured workman and to permit reimbursement to the employer or his insurance carrier for compensation outlay, certain safeguards, including the written consent to a compromise provision, have been written into section 29. The reasons for requiring an employee to submit to the regulations when asserting a cause of action against one not in the same employ do not disappear when he pursues a claim for an intentional tort against a coemployee. He should not be permitted a double recovery nor should his employer be denied reimbursement because the money in settlement of his common-law cause of action comes from the pockets of a coemployee and not from the resources of a stranger. In our opinion, the failure of this claimant to obtain the written consent of the insurance carrier to the compromise of his third-party cause of action must be held to operate to discharge the insurance carrier from the payment of compensation. (*Matter of Roth* v. *Harlem Funeral Car Co.*, 243 App. Div 459, affd. 268 N. Y. 661.)

There is some evidence in the record which indicates that the employer participated in the negotiations leading to the settlement of the cause of action inserted by the claimant against his coemployee. If this is established, it may be that the employer is estopped from asserting its rights under the written consent clause of section 29. (*Matter of Beekman* v. *W. A. Brodie, Inc.*,

249 N. Y. 175.) A determination of this problem should be made after a further hearing when it may be fully considered.

The decision and award should be reversed, with costs to the insurance carrier against the Workmen's Compensation Board, and the matter remitted for further proceedings not inconsistent with this opinion.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Decision and award reversed, with costs to the insurance carrier against the Workmen's Compensation Board, and the matter remitted for further proceedings not inconsistent with this opinion.