Fuld, J.
On March 15, 1958, Binar Petterson, an employee of Daystrom Gorp., Avas returning from an out-of-state job assignment in an automobile leased by his employer from Triboro Drive-It-Yourself, Inc,, and driven by a felloAV employee named Verven. Near Sharon, Connecticut, the car skidded *36 off the road and crashed into a tree causing serious injuries to Petterson. He never regained consciousness and died two months later, survived by his widow and three children.
The administrator of his estate brought a wrongful death action in the United States District Court for the District of Connecticut against Verven, the driver, and Triboro, the owner of the car. Triboro impleaded its lessee, Daystrom, and American Motorists Insurance Company, as Daystrom’s liability insurance carrier, appeared on behalf of its insured. It was asserted as an affirmative defense that, since liability was predicated on the negligence of Yerven, a fellow employee of the decedent, the action was barred by subdivision 6 of section 29 of the New York Workmen’s Compensation Law which provides for compensation benefits as ‘ ‘ the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ ’ However, on motion of the administrator, the Federal court struck the defense, holding that the issue of liability was governed by Connecticut law which permits a suit against “ a fellow servant for injuries and death sustained [in Connecticut] as a result of the latter’s negligence (Greene v. Verven, 204 F. Supp. 585, 588.)
American Motorists then moved to intervene as a party plaintiff. In its capacity as Daystrom’s compensation carrier, it was already paying death benefits to Petterson’s survivors under the New York statute and it claimed that, by reason of subdivision 1 of section 29, it would have “ a lien on the proceeds of any recovery ” by such survivors “ to the extent of the total amount of compensation awarded” and paid.[1] The District *37 Court denied the motion and, in the course of its opinion, stated (203 F. Supp. 607, 611): “ a lien inures to the benefit of the workmen’s compensation insurer only when * * * an employee entitled to compensation is injured or killed by the negligence or wrong of another not in the same employ. Since Petterson and Verven admittedly were in the same employ, the provisions of the New York Workmen’s Compensation Law which create a lien in favor of the workmen’s compensation insurer are inapplicable and American Motorists is without statutory authority to assert its lien.” (Italics in original.)
The death action was eventually settled for $140,000: $50,000 was paid by Verven’s liability insurer and $90,000 was contributed by American Motorists on behalf of Daystrom and Triboro. Subsequently, in a hearing before the Workmen’s Compensation Board, the carrier sought to have the net proceeds of this settlement credited against its obligation to make future compensation payments (Workmen’s Compensation Law, § 29, subd. 4). The board, however, rejected the claim; it ruled that the employer and carrier (hereinafter referred to jointly as the “ carrier ”) were not entitled to any credit from the settlement because, in the board’s view, the lawsuit in Connecticut was not a third-party action within the meaning of the Workmen’s Compensation Law. A divided Appellate Division affirmed on the ground that the statute afforded a setoff “ only as respects a recovery against a person not in the same employ.”
Before reaching this central issue, we would briefly discuss the board’s contention that the Federal court’s denial of the carrier’s motion to intervene was res judicata and precludes further consideration of the subject of credit. When the Connecticut action was settled, the parties expressly stipulated that the carrier would waive reimbursement “ for any [workmen’s compensation] payments made to date * * * with the understanding that the matter of future Workmen’s Compensation payments [was] to be left to the future determination under the laws of the State of New York.” This was explicit recognition and acknowledgment that nothing decided by the Federal tribunal was to foreclose a subsequent interpretation by the appropriate New York authorities of the provisions of our compensation statute applicable to the post-settlement *38 period. The respondents may not, therefore, properly invoke the doctrine of res judicata on this appeal.[2]
We are free, then, to decide for ourselves whether the carrier is entitled to credit the net proceeds of the settlement against the payment of future compensation benefits. Subdivision 1 of section 29, as already noted, provides in terms for reimbursement of the compensation carrier only when the employee recovers for injuries caused by “ another not in the same employ ” and subdivision 4 limits the carrier’s obligation under the statute to the deficiency between the compensation benefits awarded and the recovery obtained from “ such other person ”. A mechanical reading of these words would seem to support the board’s view and require an affirmance. But we are not bound to accord a literal interpretation to this language if to do so would lead to an egregiously unjust or unreasonable result. (See, e.g., Eck v. United Arab Airlines, 15 N Y 2d 53, 62; Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677, 685; see, also, Cabell v. Markham, 148 F. 2d 737, 739, affd. 326 U. S. 404.) “In construing statutory provisions,” we wrote in the New York Post case (2 N Y 2d 677, 685-686, supra), “ the spirit and purpose of the statute and the objectives sought to be accomplished by the legislature must be borne in mind. ‘ The legislative intent is the great and controlling principle. Literal meanings of words are not to be adhered to or suffered to ‘ ‘ defeat the general purpose and manifest policy intended to be promoted”.’ (People v. Ryan, 274 N. Y. 149, 152; see, also, Matter of United Press Assns. v. Valente, supra, 308 N. Y. 71, 83-84; Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36, 43-44.) ”
Under subdivision 6 of section 29, workmen’s compensation was made the “ exclusive remedy” available to an employee’s survivors if the wrongdoer was a fellow employee. Quite naturally, therefore, when the Legislature addressed itself to the *39 possibility of a recovery at law for the same injuries, it was careful to describe the basis for that lawsuit as tortious conduct by “ another not in the same employ ” (Workmen’s Compensation Law, § 29, subd. 1). To construe the words strictly and literally, without regard to the purpose sought to be achieved by the provision, would bar the carrier from obtaining any credit not only for the $50,000 paid on behalf of Verven, the decedent’s coemployee, but also for the $90,000 paid—coincidentally, by American Motorists — on behalf of Triboro whose vicarious liability as the ear’s owner also stemmed from Verven’s negligence. Such an unreal result would subvert the unmistakable statutory scheme. Section 29, read in its entirety and in context, clearly reveals a legislative design to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits. It would be unreasonable to read the statute as mandating a different result merely because the recovery came out of the “ pockets of a coemployee and not from the resources of a stranger ”. (Matter of Berenberg v. Park Mem. Chapel, 286 App. Div. 167, 170; see, also, Van Schaick v. Rex Novelty Works, 241 App. Div. 480.) The Legislature did not intend to provide, nor are the decedent’s survivors entitled to receive, full compensation benefits undiminished by the amount of a recovery at law. (See General Acc., Fire & Life Assur Corp. v. Zerbe Constr. Co., 269 N. Y. 227; Hartford Acc. & Ind. Co. v. Chartrand, 239 N. Y. 36, 41-42; Matter of Berenberg v. Park Mem. Chapel, 286 App. Div. 167, supra; Van Schaick v. Rex Novelty Works, 241 App. Div. 480, supra; 2 Larson, Workmen’s Compensation Law, § 71.20; cf. General Aniline & Film Corp. v. Schrader & Son, 12 N Y 2d 366, 370-371; Derby v. Prewitt, 12 N Y 2d 100,107.)
Nothing decided or said in Matter of Meachem v. New York Cent. R. R. Co. (8 N Y 2d 293), or the other cases to which the board calls attention, requires a contrary result. In Meachem (8 N Y 2d 293, supra), funeral expenses were awarded under the compensation act on a finding that the industrial accident was the sole cause of the employee’s death. His estate also received funeral expenses from a third party in settlement of a tortious injury which had no connection with decedent’s employment. The situation, therefore, was analogous to the *40 peculiar results which flow from inconsistent jury verdicts and has no relevance to the issue in this case.
In sum, the carrier is entitled to a credit for the net proceeds received by any dependent of the deceased employee out of the $140,000 settlement of the action in Connecticut. The precise amount of such credit must be left to computation by the board in view of the fact that the settlement included damages for medical expenses and lost wages, for which the carrier waived reimbursement, as well as for pain and suffering, for which the carrier paid no benefits. (See Matter of Schwabacher v. International Salt Co., 272 App. Div. 173, affd. 298 N. Y. 726.)
The order appealed from should be reversed, with costs in this court, and the matter remanded to the Workmen’s Compensation Board for further proceedings in accordance with this opinion.
Chief Judge Desmond and Judges Van Voorhis, Bitrke, Scileppi, Bergan and Keating concur.
Order reversed, with costs in this court and in the Appellate Division to appellants, and matter remanded to the Workmen’s Compensation Board for further proceedings in accordance with the opinion herein.

. Subdivision 1 of section 29 of the Workmen’s Compensation Law, upon which the carrier relied, reads as follows: “ If an employee entitled to compensation under this chapter be * * * killed by the negligence or wrong of another not in the same employ * * * [and if the employee’s dependents] take or intend to take compensation * * * under this chapter and desire to bring action against such other * * * [in] such ease * * * [the] insurance carrier liable for the payment of such compensation * * * shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such ease ”.

. Nor is there basis for the carrier’s claim that, by suing in Connecticut, the claimant and her children elected to forgo compensation in New York. Since Connecticut law permits recovery from a fellow employee for injuries arising out of the course of employment, Petterson’s survivors did nothing inconsistent when they applied under our statute for death benefits. (See Matter of Martin v. C. A. Prods. Co., 8 N Y 2d 226; Matter of Muller v. Allgaier Constr. Co., 15 A D 2d 601, 602.)