In the Matter of the Claim of GERTRUDE WIPPERT, Respondent, v. PEELE BROS. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 4, 1972.

*Herbert Lasky* (*John M. Cullen* of counsel), for appellants.

*Fine & Finkelstein* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Morris N. Lissauer* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal by the employer and insurance carrier from a decision of the Workmen's Compensation Board, filed July 21, 1971, which held that claimant is entitled to supplemental benefits under subdivision 9 of section 25-a of the Workmen's Compensation Law and that any social security benefits that she was receiving because of her own earnings should not be deducted from the supplemental benefits.

The issue raised is whether or not social security benefits being paid to the claimant widow solely upon her own earnings and unrelated to any earnings by her deceased husband are required to be offset against the supplemental benefits for which she is eligible pursuant to subdivision 9 of section 25-a of the Workmen's Compensation Law.*

The claimant was awarded death benefits on July 8, 1929 of $10,386. Of course, the Social Security Act was not in existence at the time her claim originally accrued and there is no dispute as to the fact that any social security benefits which she presently receives are entirely the result of her own work over the years which was required to support herself and family. It does not appear disputed upon this appeal that the literal language of paragraph (d) would require that social security benefits be offset against any supplemental benefit granted by subdivision 9, regardless of the originating source of such social security benefits.

The board has found that the deduction of a dependent's social security benefits from the amount of the supplemental benefit '' would make the supplemental benefits meaningless ''. It appears to have also found that these benefits having been earned by the dependent without any reference to earnings of the deceased employee, a deduction would be improper.

The Governor, in his memorandum approving the addition of this particular section of the Workmen's Compensation Law (L. 1968, ch. 830, § 2), states: '' Of particular importance is the bill providing a supplemental allowance to certain work-

---

* The pertinent provision of the statute as applicable to this issue is paragraph (d) which provides as follows: In the event the supplemental benefit computed under this subdivision amounts to less than five dollars, then the supplemental benefit allowed shall be a minimum of five dollars, less the amount, if any, by which the combination of such supplemental benefit and the regular benefit exceeds the maximum weekly benefit in effect for a permanently totally disabled employee or widow whose claim arose on July first, nineteen hundred sixty; *and further provided that the supplemental benefit under this subdivision shall be reduced by fifty per centum of any amount which the claimant is receiving or entitled to receive under the social security act, the railroad retirement act or any similar federal governmental program, except that in no case shall the supplemental benefit be less than the minima set forth herein.* (Emphasis added.)

ers and widows whose Workmen's Compensation benefits were fixed so long ago that the rates paid are obsolete and inadequate in light of today's price levels. The legitimate needs of these unfortunate few will now be adequately met by a supplemental benefit that will guarantee combined State and federal benefits of up to $50 per week.'' (N. Y. Legis. Annual, 1968, p. 484).

It appears that the statute was intended to increase rates which had become totally inadequate, but that in doing so other public or semi-public sources of retirement or disability benefits were to play a part in determining the extent to which such prior rate was now inadequate. To distinguish between the supplemental benefits to be received by claimants because of the originating source of the social security benefits would not necessarily appear to be equitable when the purpose and intent of the statute would appear to be only to raise the over-all status of a recipient to a minimal base. Indeed, it would seem that excluding social security benefits to dependents upon an originating source basis would be most unfair considering that an employee-claimant would of necessity have his social security benefits offset against the amount of any supplemental benefit. On an over-all basis we do not perceive any inequity in giving the statute a literal interpretation in regard to offsetting social security benefits. Pragmatically, it results in a 50% increase in the compensation benefits for this claimant.

Furthermore, it does not appear that the amount of social security benefits has such a direct relationship to the amount paid in by a worker as to be analogous to an independent purchased insurance or annuity program providing benefits to a claimant. The decision in *Matter of Petterson* v. *Daystrom Corp.* (17 N Y 2d 32) reaffirms that statutes need not be literally interpreted where the result would be patently unjust or unreasonable or where such an interpretation would defeat the obvious purpose and policy of the statute. In the present case the apparent purpose of the statute would be to correct a social inequity which results to claimants most probably from the fortuitous event that their compensation rate was fixed in a period of predominantly lower wages and also a lower cost of living. The fact that social security benefits have been increased on numerous occasions without any corresponding increase in the contributions of an already retired or disabled recipient cannot be ignored, and to require that any supplemental workmen's compensation benefits reflect other public and semi-public retirement benefits does not appear to be either legally or equita-

bly unreasonable as the burden of paying such benefits will be borne by the public generally and not by the source which created the original benefit.

The interpretation of the statute by the board does not have any warrant in this record or a reasonable basis in law. The statute is not ambiguous, but explicit and understandable in stating that " supplemental benefits * * * shall be reduced by [a percentage] of any amount which the claimant is receiving or entitled to receive under the social security act ". The source from which the benefits are derived is of no consequence and not controlling. The interpretation by the board is in derogation of the " plain wording of the statute ". The determination should be reversed and the matter remitted for the appropriate computation of the supplemental benefit.

The decision should be reversed, with one bill of costs to appellants against the respondent Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith.

Greenblott, Cooke, Simons and Reynolds, JJ., concur.

Decision reversed, with one bill of costs to appellants against the respondent Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith.